IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| WILLIAM STEWART, } | |
| } | |
| Plaintiff, } | |
| } | CIVIL ACTION NO. |
| v. } | 2:09-CV-00803-WMA |
| } | |
| UNITED STATES OF AMERICA, } | |
| } | |
| Defendant. } | |

**MEMORANDUM OPINION AND ORDER**

The court has before it supplemental briefs filed by plaintiff, William Stewart ("Stewart"), and defendant, United States of America ("United States") (Docs. 47 and 48), each responding to this court's request that the parties address the question of whether Stewart's objections to the magistrate judge's findings and recommendations (Doc. 41) meet the specificity requirements of 28 U.S.C. § 636(b)(1), and Rule 72(b)(3), F.R.Civ.P.

What the specificity requirements are under these particular procedural circumstances presents an interesting question. It was raised by the court because the standards and needs for specificity did not seem to fit the situation at hand. Whatever the standard, the court has broad discretion, and, exercising that discretion concludes that whatever specificity requirements there are, they have been met by Stewart.

Stewart has not objected to any of the magistrate judge's renditions of the undisputed material facts which led him to what

Stewart claims is the erroneous recommendation that summary judgment be granted.

The magistrate judge arrived at his recommendation by being forced to "predict" what the Alabama Supreme Court has never yet held, but would hold, if called upon, namely, that a psychologist who has reasonably determined that a patient poses a significant, imminent threat of death or serious injury to an identifiable person, would not be liable in tort for reporting that threat to law enforcement without first attempting to hospitalize the patient. These questions of Alabama law are entitled to *de novo* review. This court hopes that the answers will come from the Supreme Court of Alabama.

This court is in the process of formulating appropriate questions to certify to the Supreme Court of Alabama, pursuant to Rule 18, Ala. R.Civ.P.

DONE this 21st day of August, 2012.

_____
WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE